UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY RICHLOFF., | : | |
| | : | |
| Plaintiff, | : | No. 3:20-CV-365 (VLB) |
| | : | |
| v. | : | |
| | : | August 7, 2020 |
| MANCHESTER POLICE | : | |
| DEPARTMENT ET AL., | : | |
| Defendant. | : | |

### RULING AND ORDER ON MOTION TO REMAND and MOTION TO DISMISS
### [ECF NOS. 14, 18]

This case began when Plaintiff Jeffrey Richloff, proceeding *pro se*, filed a state court complaint against the Manchester Police Department, Officer Sampaio, and the Town of Manchester alleging unequal protection under the law because the Manchester Police Department failed to investigate the 2019 stealing of his 1992 Chevrolet Camaro. [ECF No. 1-3]. On March 17, 2020, Defendants removed the complaint to federal court on the basis of federal question jurisdiction. [ECF No. 1].

Within the week, Mr. Richloff claimed that he had amended the state court complaint to remove the federal question and moved for this Court to dismiss the case for lack of jurisdiction and to remand it to state Court. [ECF No. 14]. Defendants objected to Plaintiff's motion to remand on the basis that Plaintiff failed to file an amended complaint in this matter in accordance with Rule 15(a) and also failed to file an amended complaint in the underlying state court action. [ECF No. 20].

Instead, Defendants moved the Court to dismiss Mr. Richloff's Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that his claims are legally insufficient as pleaded. Pursuant to his right to amend as a matter of course after service of a Rule 12(b) motion, Mr. Richloff has filed an amended complaint. [ECF Nos. 23, 26, 27]; *see* Fed. R. Civ. P. 15(a)(1)(B). In the Amended Complaint, Mr. Richloff has deleted his federal constitutional claims and has added references to state constitutional claims, although the facts alleged remain the same. [ECF No. 27]. Mr. Richloff has not otherwise filed a response to the motion to dismiss.

For the reasons explained below, the Court grants Mr. Richloff's motion to remand and denies Defendants' motion to dismiss as moot.

I. <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678.

"When a plaintiff amends its complaint while a motion to dismiss is pending,… the "court then has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008) (quoting *In re*

*Colonial Ltd. P'ship Litig.,* 854 F.Supp. 64, 79–80(D.Conn.1994)). Here, the Court considers the motion in light of the Amended Complaint.

## II. Analysis

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). "In cases involving abandonment of federal-law claims following removal, a district court has discretion to remand or not." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328–29 (S.D.N.Y. 2014) (citations omitted); *see also* 28 U.S.C. § 1367(c).

When deciding to remand, a court is to weigh "the values of judicial economy, convenience, fairness, and comity," and consider whether the party seeking remand had engaged in forum manipulation. *Carnegie–Mellon,* 484 U.S. at 350. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f the federal law claims are dismissed before trial ... the state claims should be

dismissed as well. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).

Here, as Mr. Richloff has abandoned his federal claims, the factors of judicial economy, convenience and comity all weigh in favor of remanding this case to the Connecticut Superior Court, as the only questions remaining in this case are Connecticut state constitutional issues. In their motion to dismiss, Defendants agree that Mr. Richloff's federal claims are not necessary to this action. *See* [ECF No. 18].[1] Therefore, the Court grants Mr. Richloff's motion to remand, and denies the other pending motions in this case as moot.

### III.  Conclusion and Orders

The Court grants Mr. Richloff's motion to remand. [ECF No. 14]. This case is remanded to the Connecticut Superior Court, Judicial District of Hartford. In light of this order, Defendants' motion to dismiss [ECF No. 18] and Plaintiff's motion to proceed *in forma pauperis* [ECF No. 24] are denied as moot. The Clerk is directed to close this case.

SO ORDERED.

                                            /s/

                                   Hon. Vanessa L. Bryant
                                   United States District of Connecticut

Dated: August 7, 2020 at Hartford, Connecticut

---

[1] As an aside, Defendants' choice to immediately move to dismiss the Complaint makes the Court doubt the providence of removal.